# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JABARI HAYES, | : | |
| BOP REG. NO. 30957-044, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-0896-RWS |
| LOREN GRAYER and | : | |
| HARLEY LAPPIN, | : | |
|     Respondents. | : | |

## ORDER AND OPINION

Petitioner, presently confined at the Atlanta Federal Prison Camp in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to have this Court order the Federal Bureau of Prisons ("BOP") to consider him for placement in a Residential Re-entry Center ("RRC") for up to twelve (12) months. The matter is before this Court on the petition for a writ of habeas corpus [Doc. 1] and Respondents' answer-response [Doc. 3].

I.  Background

On November 19, 2004, Petitioner was convicted in the United States District Court for the Eastern District of Missouri of interstate and foreign travel with intent to promote the carrying on of an unlawful activity, and he was

sentenced to sixty (60) months imprisonment to be followed by three years of supervised release. United States v. Hayes, Case No. 4:04-CR-274-RWS (E.D. Mo. Nov. 19, 2004). (Resp. Attachment 1 at 1). On January 4, 2008, Petitioner was convicted in the United States District Court for the Eastern District of Michigan of conspiracy to launder monetary instruments, and he was sentenced to forty-five (45) months and twenty (20) days imprisonment to be followed by two years of supervised release. United States v. Hayes, Case No. 05-CR-80955-9 (E.D. Mi. Jan. 4, 2008). (Resp. Attachment 1 at 1-2). Petitioner's projected statutory release date is November 17, 2010. (Resp. Attachment 1 at 3).

On April 3, 2009, Petitioner filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus. (Doc. 1). Petitioner states that the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251(a), 122 Stat. 657 (2008), which was signed into law on April 9, 2008, changed the BOP's statutory authority for making pre-release RRC placement decisions. (Doc. 1 at 3). The Second Chance Act permits the BOP to place an inmate in a RRC for up to twelve (12) months, and the BOP is required to consider an inmate for RRC placement seventeen (17) to nineteen (19) months before that inmate's projected statutory release date. (Id. at 3, 5). As relief, Petitioner asks this Court to order the BOP "to consider him for twelve

2

months in a RRC, six months in a RRC and six months home confinement, or any combination for a total of twelve months pursuant to the criteria set forth in the Second Chance Act." (Id. at 33). In support, Petitioner states that he has been described by his Case Manager as a "model inmate." (Id. at 2).

Respondents answer that Petitioner filed this action preemptively, and he has since been considered for placement in a RRC. (Doc. 3 at 3). The Unit Team responsible for making Petitioner's RRC placement recommendation has recommended that he spend 150 to 180 days in a RRC. (Id. at 6; Resp. Attachment 3, Declaration of Case Manager Gary Wilson ("Decl. Wilson") at ¶ 12). According to Respondents, because Petitioner has received his requested relief, consideration for RRC placement for up to twelve (12) months, this action is now moot. (Doc. 3 at 4-8); Decl. Wilson at ¶ 6). In the alternative, Respondents argue that Petitioner's failure to exhaust the BOP's administrative remedies prohibits this Court from exercising jurisdiction over this federal petition. (Doc. 1 at 8-13). Respondents also argue that the Second Chance Act does not alter the BOP's discretion in making RRC placement decisions, and Harley Lappin is not a proper Respondent in this habeas corpus action. (Id. at 14-15).

3

II. <u>Statutory and Regulatory Framework</u>

The Second Chance Act altered the BOP's authority for making RRC placement decisions. Previously, 18 U.S.C. § 3624(c) directed that the BOP:

> shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c), <u>amended</u>, Pub. L. No. 110-199, Title II, § 251(a), 122 Stat. 657 (2008). The Second Chance Act altered former § 3624(c) and now provides under 18 U.S.C. §§ 3624(c)(1)-(4):

> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

4

> **(3) Assistance.**--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.
>
> **(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. §§ 3624(c)(1)-(4). The Second Chance Act also states:

> **(6) Issuance of regulations.**--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--
>
>   **(A)** conducted in a manner consistent with section 3621(b) of this title;
>
>   **(B)** determined on an individual basis; and
>
>   **(C)** of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c)(6).

Pursuant to § 3624(c)(6), the BOP amended its regulations to provide for placement in a RRC for up to twelve (12) months. See 28 C.F.R. §§ 570.20-570.21. Relevant to Petitioner's case, § 570.21 states:

> (a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and

5

programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.

(b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.

(c) Exceeding time-frames. These time-frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.

28 C.F.R. §§ 570.21(a)-(c).

The BOP's discretion, referenced in 18 U.S.C. §§ 3624(c)(4), is codified at 18 U.S.C. §§ 3621(b)(1)-(5) and states:

**(b) Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

  **(1)** the resources of the facility contemplated;

  **(2)** the nature and circumstances of the offense;

  **(3)** the history and characteristics of the prisoner;

  **(4)** any statement by the court that imposed the sentence–

6

> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the he Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. §§ 3621(b)(1)-(5).

Pursuant to these statutes, Petitioner contends he is eligible for placement in a RRC for up to twelve (12) months or six months in a RRC and six months in home confinement. This Court will now address Petitioner's contention and Respondents' answer.

III. Analysis

A. This is action is moot.

Petitioner filed this action on April 3, 2009. On or about May 1, 2009, Petitioner's Case Manager, Gary Wilson, and Petitioner's Unit Team recommended that he be placed in a RRC for 150 to 180 days. (Decl. Wilson at ¶ 12).

Petitioner contends that "[t]he Warden, under guidance from the [BOP] Director [Lappin], refuses to consider anyone for more than six months in a RRC

7

and/or a combination of home confinement." (Doc. 1 at 14). Petitioner further claims that "[o]ne Case Manager [at FPC-Atlanta] posted on his wall a sign that read: 'This is your Second Chance. Minimum of 30 days! Maximum of six months!'" (Id. at 15). Petitioner claims in another portion of his petition that Case Manager Gary Wilson posted the sign. (Id. at 29). Based on the above, Petitioner essentially predicted that he would not be considered for twelve (12) months placement in a RRC.

The record indicates that Petitioner's prediction was incorrect. Case Manager Wilson avers that he did not place a "notice informing inmates that they could get a maximum of 6 months RRC placement," and, as required by 18 U.S.C. § 3624(c)(6) and 28 C.F.R. § 570.21, Petitioner was "considered for up to 12 months of placement" in a RRC. (Decl. Wilson at ¶ 6). Thus, Petitioner appears to have received his requested relief.

Petitioner's prospective arguments do not alter this conclusion. First, Petitioner is commended for taking advantage of the BOP's "numerous programs to better his life," and this Court wishes him success in his plans to enter the "publishing business." (Doc. 1 at 2). Nonetheless, as Case Manager Wilson explains: "The primary purpose of RRC placement is to assist inmates in

8

reintegrating into society following incarceration. RRCs are an element of inmate programming and are not an award for good institutional behavior." (Decl. Wilson at ¶ 8). Section 3624(c)(6)(C) supports Wilson's averment by stating that a prisoner's stay in a RRC shall be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." Finally, none of Petitioner's accomplishments while in prison are relevant to the criteria the BOP is directed to consider when making inmate placement decisions. See 18 U.S.C. § 3621(b). Therefore, the fact that Petitioner may be a model inmate is not relevant to how long he should be placed in a RRC before being released from confinement.

Because Petitioner has received his requested relief, this action is now moot. See Westmoreland v. National Transportation Safety Board, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the appeal must be dismissed as moot."); see also Bekier v. Bekier, 248 F.3d 1051, 1054 (11th Cir. 2001) (relying on Westmoreland to find that action was moot after "Mr. Bekier [] achieved the relief he sought in his Hague Convention petition"). "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of

9

law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)); Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (a federal court no longer has jurisdiction over a case that has become moot). Accordingly, this habeas corpus petition should be dismissed without prejudice as moot. See Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (concluding that district court correctly dismissed without prejudice an action that became moot).

    B.    <u>Petitioner's failure to exhaust his available BOP administrative remedies should not, in his case, be excused on the basis of futility.</u>

In the event that facts should come to light suggesting that Petitioner was not considered for placement in a RRC for up to twelve (12) months, this Court will also consider whether this action should be dismissed due to Petitioner's failure to exhaust his available BOP administrative remedies. Respondents argue that the instant petition should be denied on the basis that Petitioner has failed to exhaust the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claim concerning his eligibility for placement in a RRC and

10

home confinement. (Doc. 3. at 8-12). Respondents contend further that Petitioner can not demonstrate that exhaustion is futile. (Id. at 13).

Contrary to Respondents' position, Petitioner maintains that exhaustion should be excused because it would be futile to pursue the BOP's administrative remedies. (Doc. 1 at 28-31). In support, Petitioner notes that BOP Director Harley Lappin believes that prisoners placed in a RRC for longer than six months "tend to do worse rather than better." (Id. at 28). Petitioner also relies on his claim that Case Manager Wilson placed a sign stating that prisoners would be placed in a RRC for no more than six months. (Id. at 29). This latter contention has already been resolved against Petitioner's position.

It is well-settled in this Circuit that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (affirming the dismissal of a federal prisoner's § 2241 petition for failure to exhaust administrative remedies). "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

11

The record shows that Petitioner has never attempted to pursue relief via the BOP's administrative remedies. (Resp. Attachment 4, Declaration of J. Latease Bailey at ¶ 3). Therefore, Petitioner has not satisfied the requirement that he exhaust his available remedies before seeking habeas corpus relief in federal court.

The remaining issue to be resolved is whether Petitioner should be excused from exhausting his available remedies on the basis that it would be futile to do so. For the reasons that follow, Petitioner's failure to exhaust his remedies should not, in this case, be excused on the basis of futility.

First, this Court previously concluded that a futility exception may be crafted when a federal prisoner challenges a BOP regulation under 28 U.S.C. § 2241. See Jones v. Zenk, 495 F. Supp. 2d 1289, 1296-1300 (N.D. Ga. 2007). This Court then went on to hold that Jones need not exhaust the BOP's administrative remedies in order to challenge the 2005 CCC[1] placement policy in federal court. Id. at 1301. There does not appear to exist any controlling authority which would require this Court to alter its previous conclusion with regard to the former CCC placement policy.

---

[1] RRCs were formerly referred to as Community Confinement Centers ("CCC").

12

However, in this case, Petitioner has failed to establish that it would be futile to pursue the BOP's administrative remedies. First, the decision in <u>Jones v. Zenk</u> is distinguishable from Petitioner's situation. In <u>Jones</u>, this Court gave the following reasons for concluding that exhaustion should be excused as futile:

> Here, the BOP has enacted a categorical rule denying Petitioner and all other prisoners eligibility for placement into an RRC until the lesser of ten percent of his sentence or six months remains. It has predetermined by rulemaking the issue Petitioner challenges here. What is more, the BOP has continued to enforce this rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions. There can be little doubt that requiring administrative review . . . would be to demand a futile act . . . and the purpose of exhaustion would not be served."

<u>Jones</u>, 495 F. Supp. 2d at 1300. These factors are not present in this case. Despite Respondent Lappin's personal opinion, the BOP's regulations, amended after the passage of the Second Chance Act, provide for placement in a RRC for up to twelve (12) months. Relying on the Second Chance Act and 28 C.F.R. § 570.21, the Eleventh Circuit has recently determined that an inmate "may immediately seek [] individual determination [for placement in a RRC up to twelve (12) months] under the administrative procedures currently available to him." <u>Woodward v. Grayer</u>, Case No. 08-12851, *7 (11th Cir. Dec. 23, 2008). (Resp. Attachment 5). Accordingly, as the BOP is required by statute and its own

13

regulations to consider Petitioner for placement in a RRC for up to twelve (12) months, he has failed to demonstrate that it would be futile to exhaust his available remedies. Therefore, in addition to this action being moot, dismissal for failure to exhaust the BOP's available administrative remedies is also warranted. Having so concluded, Respondents' remaining arguments need not be addressed.

IV. Conclusion

**IT IS ORDERED** that this federal petition for a writ of habeas corpus [Doc. 1] is **DENIED** and that this action is **DISMISSED WITHOUT PREJUDICE** due to Petitioner's failure to exhaust his available administrative remedies and the issues raised in this action being moot.

**IT IS ORDERED**, this  26th   day of May, 2009.

_____
**RICHARD W. STORY**
United States District Judge